**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF  
STEPHANIE A. GALLAGHER  
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET  
BALTIMORE, MARYLAND 21201  
(410) 962-7780  
Fax (410) 962-1812

June 3, 2013

LETTER TO COUNSEL

      RE:    *Sharon Portillo v. Commissioner of Social Security*;
              Civil No. SAG-11-2978

Dear Counsel:

      On October 19, 2011, claimant Sharon Portillo petitioned this Court to review the Social Security Administration's final decision to deny her claim for Disability Insurance Benefits. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 14, 16). I find that no hearing is necessary. Local R. 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (superseded by statute on other grounds). I will deny both motions, vacate the Commissioner's denial of benefits, and remand this matter for further proceedings consistent with this opinion. This letter explains my rationale.

      Ms. Portillo filed her claim for benefits on December 14, 2007, alleging disability beginning on November 1, 2006. (Tr. 108-15). Her claim was denied initially on February 28, 2008, and on reconsideration on July 3, 2008. (Tr. 63-66, 71-72). After a hearing, (Tr. 23-58), on December 15, 2009, an Administrative Law Judge ("the ALJ") issued an opinion denying benefits after determining that Ms. Portillo was not disabled. (Tr. 10-22). The Appeals Council denied Ms. Portillo's request for review, (Tr. 1-4), so the ALJ's opinion is the final, reviewable decision of the agency.

      The ALJ found that Ms. Portillo suffered from the severe impairment of psychogenic disorder, not elsewhere classified; somatoform disorder; and fibromyalgia/chronic pain syndrome. (Tr. 15). Despite this impairment, the ALJ found that Ms. Portillo had retained the residual functional capacity ("RFC") to

> perform sedentary work as defined in 20 CFR 404.1567(a) except she is limited to simple instructions and tasks. She cannot do any squatting, crawling and/or kneeling. She cannot work around hazards such as unprotected heights and/or dangerous/moving machinery. She must be in a position that would allow her to stand in place for two minutes three to four times during every hour of sitting.

(Tr. 17). After hearing testimony from a vocational expert ("VE"), the ALJ concluded that Ms. Portillo could perform work existing in significant numbers in the national economy, and that she therefore was not disabled. (Tr. 21).

Ms. Portillo makes several arguments in support of her appeal. She contends that the ALJ erred at step two by failing to find her depression to be severe. However, the record contains no specific diagnosis of depression. Moreover, because the ALJ found Ms. Portillo to suffer from other severe impairments, he proceeded to the other sequential steps, rendering any step two error harmless. However, I agree that the ALJ has not provided sufficient analysis for me to determine whether his conclusion regarding Ms. Portillo's mental RFC was premised on substantial evidence. Remand is therefore warranted. In so holding, I express no opinion on whether the ALJ's ultimate determination that Ms. Portillo was ineligible for benefits was correct or incorrect.

Ms. Portillo correctly notes that the ALJ failed to explain the lack of any RFC restriction on her ability to interact with coworkers, supervisors, or the general public, or to respond to changes in the work setting. Pl. Mot. 9. Ms. Portillo was noted to have "marked" impairment in each of those areas by consultative examiner Dr. Estupinan-Kane. (Tr. 466). The ALJ alleged that the RFC was "consistent with the general opinion" of Dr. Estupinan-Kane, but did not explain the particular discrepancy between the RFC and the doctor's findings of marked restriction in the area of social interaction.

There appears to be some evidence of record which may explain the ALJ's position with respect to Ms. Portillo's social capacity, particularly the evaluation of state agency physician Dr. Walcutt.[1] (Tr. 367-69). However, the ALJ did not discuss or evaluate Dr. Walcutt's opinion. On remand, the ALJ should rectify that error, and provide a full analysis of the evidence relating to Ms. Portillo's mental RFC.

Because the errors noted above affect the adequacy of the mental RFC, I need not address Ms. Portillo's remaining arguments, which are based on the same alleged inadequacy. For the reasons set forth herein, Ms. Portillo's motion for summary judgment (ECF No. 14) and Defendant's motion for summary judgment (ECF No. 16) will be DENIED. The ALJ's opinion will be VACATED and the case will be REMANDED for further proceedings. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

                    Sincerely yours,

                    /s/
                    Stephanie A. Gallagher
                    United States Magistrate Judge

---

[1] In the step three listing analysis of Ms. Portillo's social functioning, the ALJ simply makes conclusory statements, with no record citations, regarding Ms. Portillo's ability "to interact appropriately with the public while shopping and running errands." (Tr. 16). The analysis therefore provides no evidentiary basis that could potentially support the mental RFC assessed by the ALJ.